IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

MICHAEL MOTTA,

    Plaintiff,

v.

SAFETY FIRST LABS LLC,
A Florida Limited Liability Company, and
ROBERT STILLMAN, individually,

    Defendants.

_____/

## COMPLAINT

Plaintiff, MICHAEL MOTTA ("Plaintiff"), hereby sues Defendants SAFETY FIRST LABS LLC ("SFL") and ROBERT STILLMAN ("Stillman") (collectively, "Defendants"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action by Plaintiff for damages and attorneys' fees and costs.

2. Plaintiff is an individual over the age of eighteen (18) and is otherwise *sui juris*.

3. Defendant SFL is a Florida limited liability company with a principal place of business in Palm Beach County, Florida.

4. Defendant SFL is a manufacturer and supplier of chemical solutions.

1 | P a g e

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

5. During the relevant period, Defendant Robert Stillman served as Chief Executive Officer for SFL.

6. During the relevant period, Plaintiff was controlled by Defendants.

7. During the relevant period, Defendants set Plaintiff's schedule.

8. During the relevant period, Plaintiff reported to SFL management, including Stillman.

9. Defendants provided tools, materials, and supplies to be used by Plaintiff when performing work for Defendants.

10. Plaintiff was formerly employed by Defendants in Palm Beach County, Florida.

11. Venue is proper in this Court because Defendants conduct business in Palm Beach County, employed Plaintiff in Palm Beach County, and the claims arose within Palm Beach County. In addition, the parties' express contract contains a mandatory forum selection clause requiring litigation in Palm Beach County.

12. All conditions precedent for the filing of this action before this Court have been previously met.

**GENERAL ALLEGATIONS**

13. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of 29 U.S.C. § 203 (d).

14. At all times material hereto, Plaintiff was an "employee" within the meaning of the Fair Labor Standards Act ("FLSA").

2 | P a g e     PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

15. At all times material hereto, Defendants were "employers" within the meaning of the FLSA.

16. Upon information and belief, Defendants' annual gross income significantly exceeds the $500,000 annual income threshold set for enterprise coverage under the FLSA.

17. At all relevant times, Defendants employed two or more employees that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

18. Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside of the State of Florida and used electronic means to market and run their business internationally (i.e., sales).

19. Defendants, at all material and relevant times, were engaged in interstate commerce and subject to enterprise coverage under the FLSA.

## BACKGROUND

20. Plaintiff worked for Defendants from May 3, 2021, until his unlawful, retaliatory termination on September 29, 2021.

21. Plaintiff is a sales professional with more than 30 years of experience in the chemical industry.

22. In or around December 2020, Stillman first started discussions regarding Plaintiff's prospective employment.

23. Plaintiff was informed that Stillman set aside well over one-million dollars from the 2020 revenue to ensure Plaintiff's salary, and other employees, would be covered. This began what would be a string of deceptive conduct by Defendants.

24. Defendants hired Plaintiff on or around May 3, 2021.

25. Plaintiff was given a misleading and inflated job title.

26. In reality, Plaintiff's job duties were that of a salesperson.

27. Plaintiff customarily and regularly worked over 40 hours a week for Defendants.

28. Defendants, however, never paid Plaintiff at time-and-a-half his regular rate of pay as required by the Fair Labor Standards Act ("FLSA").

29. To make matters worse, Defendants failed to compensate Plaintiff at or above the state and federal minimum wage for several weeks (i.e., August 18, 2021, through August 31, 2021; September 1, 2021, through September 14, 2021; September 15, 2021, through September 28, 2021) in violation of the FLSA.

30. Defendants made unilateral deductions to Plaintiff's supposed base salary.

31. Defendants cited to a loss of revenue for the salary deductions—an irrelevant factor under the FLSA.

4 | Page

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

32. From September 1, 2021, through September 28, 2021, two (2) full pay periods, Defendants failed to issue any compensation to Plaintiff.

33. During this time, Plaintiff complained about and objected to Defendants' illegal pay policies.

34. Plaintiff was retaliatorily terminated by Defendants on September 29, 2021.

35. Any reasons proffered by Defendants to justify Plaintiff's unlawful termination is nothing more than mere pretext.

36. On or about October 1, 2021, Counsel for Plaintiff sent a demand letter to Stillman regarding Defendants' unlawful termination of Plaintiff, egregious pay policies and practices, and unpaid compensation due and owing to Plaintiff.

37. Shortly thereafter, Defendants filed their retaliatory, frivolous lawsuit against Plaintiff.[1] Plaintiff expressly denies the baseless allegations in Defendants' lawsuit.

38. Thereafter, Plaintiff also started receiving threatening and harassing text messages.

39. Upon information and belief, these retaliatory text messages were sent to Plaintiff by Stillman, and/or someone commissioned to do so by Stillman with intent to coerce and/or intimidate Plaintiff into dropping his legal claims against Defendants.

---

[1] Safety First Labs, LLC v. Mike Motta et al., Case No. 9:21-cv-81931-RS.

40. Defendants took post-employment retaliatory action in the form of their frivolous lawsuit directed to Plaintiff and fearmongering through threatening text messages sent to Plaintiff only after receipt of Plaintiff's demand letter dated October 1, 2021, and related communication from Plaintiff's counsel regarding Plaintiff's various claims.

### Count I
### UNPAID OVERTIME VIOLATION AGAINST SFL UNDER THE FLSA

41. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

42. Upon information and belief, the annual volume of sales or business for SFL exceeded $500,000 during each calendar year of the relevant period.

43. As part of its business, SFL sold goods and materials that traveled through interstate commerce during the relevant period.

44. During the relevant period, SFL obtained and solicited funds from non-Florida sources (i.e., sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

45. During the relevant period, SFL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

46. SFL engaged in interstate commerce and was subject to the FLSA during all relevant periods.

47. During Plaintiff's employment with SFL, Plaintiff worked over forty (40) hours per week on numerous occasions.

48. Given the nature of Plaintiff's actual job duties, Plaintiff was a non-exempt employee.

49. SFL employed Plaintiff as a glorified salesperson.

50. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, SFL never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

51. SFL intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

52. SFL is in violation of the FLSA and owes Plaintiff backpay.

53. In addition, SFL is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

    a. Enter judgment against Defendant SFL under the FLSA;

    b. Award Plaintiff actual damages for the unpaid overtime wages;

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

7 | Page

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

## Count II
## MINIMUM WAGE VIOLATION AGAINST SFL UNDER THE FLSA

54. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

55. SFL was Plaintiff's direct employer as that term "employer" is defined by the FLSA.

56. According to Article X, Section 24 of the Florida Constitution, the terms "Employer", "Employee", and "Wage" have the meanings established under the FLSA and implementing regulations.

57. During the relevant time period, Plaintiff worked numerous hours that were compensated well below the federal and Florida statutory minimum wage rates.

58. For example, Plaintiff received only 46% of his regular salary for the pay period of August 18, 2021, through August 31, 2021, and from September 1, 2021, through September 28, 2021, two (2) full pay periods, SFL failed to compensate Plaintiff whatsoever.

59. As such, Plaintiff is owed back pay for hours worked.

60. Additionally, SFL is liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Defendant SFL under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

## Count III
## FLSA RETALIATION AGAINST SFL

61. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

62. SFL is an employer under the FLSA.

63. Plaintiff is an employee of SFL and was so during the relevant period.

64. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

- Objecting to Defendants' failure to pay Plaintiff unpaid wages (*i.e.,* overtime and minimum wage) Plaintiff was entitled to under the FLSA;

- Sending Defendants and Counsel for Defendants correspondence objecting to Defendants' unlawful pay practices; and

- Further objecting to and complaining about unpaid wages to Defendants' counsel.

65. SFL retaliated against Plaintiff for engaging in such protected activity, and continue to do so through transmission of threatening, anonymous text messaging directed to Plaintiff.

66. SFL's retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

9 | Page     PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

67. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct SFL engaged in.

68. Plaintiff has suffered mental and emotional distress because of SFL's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Defendant SFL under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

e. Award Plaintiff his attorneys' fees and costs;

f. Award Plaintiff all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

### Count IV
### UNPAID OVERTIME VIOLATION AGAINST STILLMAN UNDER THE FLSA

69. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

70. Upon information and belief, the annual volume of sales or business for SFL exceeded $500,000 during each calendar year of the relevant period.

71. As part of its business, SFL sold goods and materials that traveled through interstate commerce during the relevant period.

10 | Page

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

72. During the relevant period, SFL obtained and solicited funds from non-Florida sources (i.e., sales), accepted funds from non-Florida sources, used telephonic and electronic means to market and conduct business outside of the State of Florida, used telephonic and electronic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

73. During the relevant period, SFL, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed in connection with sales made inside and outside the state of Florida.

74. SFL engaged in interstate commerce and was subject to the FLSA during all relevant periods.

75. During the relevant period, Stillman served as Chief Executive Officer for SFL.

76. In his capacity as Chief Executive Officer, Stillman can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

77. During Plaintiff's employment with Stillman, Plaintiff worked over forty (40) hours per week on numerous occasions.

78. Stillman employed Plaintiff to perform sales work.

11 | P a g e

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

79. Despite customarily and regularly working overtime hours, and with knowledge of these overtime hours, Stillman never compensated Plaintiff at the rate of time-and-a-half for all overtime hours worked.

80. Stillman intentionally refused to pay Plaintiff overtime wages he is owed under the FLSA.

81. Stillman is in violation of the FLSA and owes Plaintiff backpay.

82. In addition, Stillman is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

   a. Enter judgment against Stillman under the FLSA;

   b. Award Plaintiff actual damages for the unpaid overtime wages;

   c. Award Plaintiff liquidated damages;

   d. Award Plaintiff attorneys' fees and costs;

   e. Award Plaintiff all recoverable interest; and

   f. Award any other relief this Honorable Court deems just and proper.

**Count V**
**MINIMUM WAGE VIOLATION AGAINST STILLMAN UNDER THE FLSA**

83. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 as if fully set forth herein.

84. Stillman was Plaintiff's direct employer, as that term "employer" is defined by the FLSA.

12 | P a g e        PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

85. According to Article X, Section 24 of the Florida Constitution, the terms "Employer", "Employee", and "Wage" have the meanings established under the FLSA and implementing regulations.

86. During the relevant period, Stillman served as Chief Executive Officer for SFL.

87. In his capacity as Chief Executive Officer, Stillman can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

88. During the relevant time period, Plaintiff worked numerous hours that were compensated well below the federal and Florida statutory minimum wage rates.

89. For example, Plaintiff received only 46% of his regular salary for the pay period of August 18, 2021, through August 31, 2021, and from September 1, 2021, through September 28, 2021, two (2) full pay periods, Stillman failed to compensate Plaintiff whatsoever.

90. As such, Plaintiff is owed back pay for hours worked.

91. Additionally, Stillman is liable for double the amounts owed as liquidated damages under the FLSA as a result of the intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment against Stillman under the FLSA;

b. Award Plaintiff actual damages for the unpaid minimum wages;

PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

    c. Award Plaintiff liquidated damages;

    d. Award Plaintiff attorneys' fees and costs;

    e. Award Plaintiff all recoverable interest; and

    f. Award any other relief this Honorable Court deems just and proper.

### Count VI
### FLSA RETALIATION AGAINST STILLMAN

92. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if fully set forth herein.

93. Stillman is an employer under the FLSA.

94. Plaintiff is an employee of Stillman and was so during the relevant period.

95. Stillman controls the day-to-day operations of SFL and did so during the relevant period.

96. During the relevant period, Stillman served as Chief Executive Officer for SFL.

97. In his capacity as Chief Executive Officer, Stillman can be held personally liable for wage & hour violations under the FLSA as a result of his direct exercise over day-to-day control of operations and involvement in the supervision and payment of employees.

98. Plaintiff engaged in various instances of protected activity prior to the filing of this lawsuit, including:

14 | P a g e      PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

- Objecting to Defendants' failure to pay Plaintiff unpaid wages (*i.e.,* overtime and minimum wage) Plaintiff was entitled to under the FLSA;

- Sending Defendants and Counsel for Defendants correspondence objecting to Defendants' unlawful pay practices; and

- Further objecting to and complaining about unpaid wages to Defendants' counsel.

99. Stillman retaliated against Plaintiff for engaging in such protected activity, and continue to do so through transmission of threatening, anonymous text messaging directed to Plaintiff.

100. Stillman's retaliatory conduct is intended to chill Plaintiff's willingness to continue to enforce his rights under the FLSA.

101. Reasonable workers would naturally be dissuaded from continuing to support an FLSA lawsuit when faced with the retaliatory conduct Stillman engaged in.

102. Plaintiff has suffered mental and emotional distress because of Stillman's retaliatory conduct.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Plaintiff against Stillman under the FLSA;

b. Award Plaintiff actual damages;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff compensatory damages for mental and emotional distress;

15 | P a g e         PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com

  e. Award Plaintiff his attorneys' fees and costs;

  f. Award Plaintiff all recoverable interest; and

  g. Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated: June 2, 2022

           Respectfully submitted,

          By: ***/s/ J. Freddy Perera***
          J. Freddy Perera, Esq.
          Florida Bar No. 93625
          freddy@pba-law.com
          Alexander T. Harne, Esq.
          Florida Bar No. 126932
          harne@pba-law.com
          **PERERA ALEMAN**
          12505 Orange Drive, Suite 908
          Davie, Florida 33330
          Telephone: 786-485-5232
          *Counsel for Plaintiff*

16 | P a g e     PERERA ALEMAN, P.A.
12505 Orange Drive· Suite 908 · Davie, FL 33330
2030 S Douglas Road · Suite 203 · Coral Gables, FL 33134
(786) 485.5232 · www.PBA-Law.com